**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cary Lamar WILKERSON,**
**Defendant–Appellant.**

No. 02–6288.

United States Court of Appeals,
Sixth Circuit.

Sept. 22, 2003.

Charles P. Wisdom, Jr., Asst. U.S. Attorney, Kenneth R. Taylor, Asst. U.S. Attorney, John Patrick Grant, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, for Plaintiff–Appellee.

Russell J. Baldani, Baldani, Rowland & Richardson, Lexington, KY, for Defendant–Appellant.

Before BOGGS, NORRIS, and CLAY, Circuit Judges.

## ORDER

This is a direct appeal from a judgment and commitment order in a criminal prosecution. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Cary Lamar Wilkerson was indicted for illegally possessing a gun while under a disability. The district court subsequently accepted Wilkerson's oral conditional guilty plea and found him guilty of possession of a firearm after being convicted of a domestic violence misdemeanor and while subject to a domestic violence order, in violation of 18 U.S.C. § 922(g)(8)(A), (B) & (C). The district court sentenced Wilkerson to a thirty month term of imprisonment with a three year period of supervised release. This appeal followed.

The only issue on appeal is whether the district court erred in denying a motion to suppress a statement made by Wilkerson after he had been informed of his *Miranda* rights. In reviewing a district court's decision to deny a motion to suppress, this court will not disturb a finding of fact absent clear error; conclusions of law are reviewed de novo. *United States v. Bradshaw*, 102 F.3d 204, 209 (6th Cir.1996). An examination of the record and law using this standard supports the decision on appeal.

On February 21, 2002, Lexington [Kentucky] Police Officer James Lowe was in his patrol car checking for speeding motorists when he clocked Wilkerson exceeding the speed limit. Lowe pursued Wilkerson's vehicle, effected a traffic stop, and walked up to the driver's side window to speak with Wilkerson. Officer Lowe testified that he smelled marijuana when he approached the vehicle, so he asked Wilkerson to exit the vehicle prior to conduct-

ing a search for the suspected marijuana. The officer did not place Wilkerson under arrest at that time; he merely asked Wilkerson to step away from the car during the preliminary search. Officer Lowe reached under the driver's seat and discovered a pistol. Officer Lowe discovered the pistol, exited the vehicle, and handcuffed Wilkerson.

Wilkerson subsequently made three separate statements on the night of his arrest. It is the second of these statements that is the crux of this appeal.

The first statement occurred immediately after Officer Lowe placed Wilkerson in handcuffs without advising him of his *Miranda* rights. Lowe did, however, ask Wilkerson about the gun and Wilkerson readily acknowledged that he carried the pistol for his own protection. Lowe placed Wilkerson in the patrol car and advised him of his *Miranda* rights. Officer Lowe told Wilkerson it was pointless not to disclose the hiding place of any drugs because the police would just "tear the car apart" looking for them, although he immediately qualified this statement, and Lowe again inquired about the gun. In response, Wilkerson made his second statement concerning the gun, that is, he again stated that he carried the gun for protection. Finally, Wilkerson made an unidentified third statement at the station house when he was booked, but it was only after he expressed a desire for an attorney if anything was to be used to incriminate him.

Wilkerson was indicted for possession of a firearm while under a disability, namely, a prior domestic violence misdemeanor conviction and while subject to a domestic violence order. Wilkerson moved to suppress the introduction into evidence of the gun and any of Wilkerson's statements concerning the pistol. The district court conducted an evidentiary hearing at which the court heard from Officer Lowe and.

after the hearing, the court listened to a partially garbled audiotape recording of the stop and arrest. The court subsequently granted the motion with regard to the pre-*Miranda* statement and any statement Wilkerson made at the station house. The court denied the motion, however, as to the introduction of the gun and Wilkerson's statement made after he had been given *Miranda* warnings in the back of the patrol car.

Indeed, there is no evidence of any coercive activity by Officer Lowe subsequent to the reading of the defendant's *Miranda* rights, and the defendant cites to authority indicating that the officer had to seek, explicitly, a waiver of those rights from the defendant. We [sic] think that, under the totality of the circumstances in this case, any post-*Miranda* statements were uncoerced and therefore do not require suppression.

The parties subsequently entered into an oral, conditional plea agreement. The terms of the agreement were essentially that Wilkerson would plead to the indictment while reserving the right to appeal the partial denial of the motion to suppress.

On appeal, counsel for Wilkerson brings one assignment of error, namely, that the district court erred in denying the motion to suppress the statement Wilkerson made while sitting in the patrol car. Counsel does not dispute the decision to admit the evidence that Wilkerson had a gun under the driver's seat of his automobile.

The government, as a general rule, may not introduce a defendant's incriminating statement against him at trial unless it first proves that there was a voluntary, knowing, and intelligent waiver of the accused's core rights under the Constitution. *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The government bears the initial burden to

show the waiver by a preponderance of the evidence. *Colorado v. Connelly,* 479 U.S. 157, 168, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). The inquiry as to whether there was a valid waiver has two components. First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *Moran v. Burbine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). Whether the waiver in fact occurred is determined by the totality of the circumstances. *Id.* A court is entitled to consider as part of this "totality" whether, and to what extent, the defendant has experience in the criminal justice system. *See United States v. Meirovitz,* 918 F.2d 1376, 1379 (8th Cir.1990); *United States v. Cruz Jimenez,* 894 F.2d 1, 8 (1st Cir.1990).

The record supports the district court's observation that, under the totality of the circumstances, Wilkerson's post-*Miranda* statement was not the product of coercive police activity. The only possibly coercive statement, that the police would "tear the car apart" was specifically directed to the location of any drugs in the car and the statement was immediately qualified by Lowe, who explained that the car would be subject only to an exhaustive search. Not only was this statement completely irrelevant to the subject of the gun already in the possession of Officer Lowe, but similar statements have been found not to be coercive in analogous contexts. *See, e.g., United States v. Kon Yu–Leung,* 910 F.2d 33, 40–41 (2d Cir.1990) (merely advising a person that a search warrant for house can be obtained does not constitute coercion for consent to search under totality of circumstances) (collecting cases). In considering the totality of the circumstances this court,

on de novo review, is also entitled to reflect on Wilkerson's lengthy criminal history. Wilkerson, no stranger to the back seat of a police cruiser, was not a neophyte who might be overwhelmed by his surroundings and therefore particularly vulnerable to aggressive police questioning. Wilkerson was advised of his right to remain silent, then voluntarily told the police officer that he carried the firearm for protection. The district court applied the proper legal standard to uncontroverted findings of fact in denying the motion to suppress this evidence. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed.